[Civ. No. 4226.   Fourth Dist.   June 19, 1951.]

BIASE BENVENUTO, Appellant, v. YVONNE SMITH,
Respondent.

William S. Warden for Appellant.

Procopio, Price, Cory & Schwartz for Respondent.

BARNARD, P. J.—This is an action for restitution of certain property in proportion to the amount paid by the plaintiff, with damages, or for an accounting.

In July, 1947, the plaintiff, who lived in New York, visited the defendant for a week at her home in San Diego County. During that visit the parties talked of the possibility of buying a part or all of a parcel of land adjoining the defendant's home. This parcel was 200 feet wide and 300 feet deep. In a telephone conversation between the parties in September, 1947, the plaintiff agreed to buy the north half of this parcel for $6,500, saying that he would have to sell his home in New York before he could make the payment. Immediately thereafter, the defendant bought the parcel for $10,000, taking title in her own name and paying the full purchase price.

The plaintiff had difficulty in selling his house, and secured

a loan on it. In December, 1947, he sent $4,500 to the defendant to be applied on the property he had agreed to buy. He later sold his house and in April, 1948, sent the remaining $2,000 to the defendant, together with an amount claimed by her to cover certain expenses in connection with the transaction and in caring for the north half of the parcel in question. Thereupon, the defendant deeded the north half of the parcel to the plaintiff and furnished him a certificate of title. The plaintiff took possession of the north half of the parcel about May 1, 1948.

About a year later, the plaintiff discovered that the defendant had bought the parcel for $10,000, and brought this action. He alleged that on September 17, 1947, he and the defendant, through a long distance telephone call, entered into an agreement to purchase this parcel together; that the defendant represented to him that the purchase price required was $13,000, that she would pay $6,500 for the southerly half of the parcel and he was to pay $6,500 for the northerly half; that the defendant offered to act as his agent in purchasing the northerly half of the parcel; that the defendant acted in a fiduciary capacity as agent and trustee for him in the purchase of the property; that after the purchase of the parcel the defendant represented to him that she had paid $13,000 for the property, had contributed $6,500 toward the purchase price, and had advanced a like sum in his behalf; that these representations were false; and that the northerly 30 feet of the southerly 100 feet of said parcel was purchased by the defendant with money furnished by the plaintiff. The prayer was for a decree requiring the defendant to convey this 30 feet to the plaintiff and to account for the rents and profits received therefrom, or in the alternative for a judgment for one half of the secret profit made, together with damages.

The court found in all respects in favor of the defendant. In particular, it found that the parties had not on September 17, 1947, or at any other time, entered into an agreement to purchase this property together; that no confidential relationship ever existed between them; and that the defendant had not acted in a fiduciary capacity or as an agent, or as a trustee for the plaintiff in the purchase of this property. It was further found that the defendant purchased the whole of said property with her own funds and for her own use and benefit; that by an oral agreement the plaintiff agreed to purchase from the defendant the northerly half of the parcel for $6,500;

834

that in April, 1948, the defendant conveyed that half to the plaintiff in consideration of the payment to her of $6,500, together with certain expenses, in accordance with their oral agreement; and that it is not true that the defendant represented to the plaintiff that she had contributed $6,500 toward the purchase of the land. The motion for a new trial was denied and a judgment was entered, from which the plaintiff has appealed.

The appellant contends that there was a fiduciary relationship between the parties; that in purchasing this property the respondent acted in a fiduciary capacity as his agent; that by concealing the true purchase price of the property the respondent reaped a secret profit in violation of the fiduciary relationship; and that, as a matter of law, she became an involuntary trustee *pro tanto* of 65 per cent, or 130 front feet, of the property purchased. It is further contended that there is no substantial evidence to support the contrary findings made by the court.

The entire controversy rests on what was said by the parties in their conversation in July, 1947, and in their telephone conversation in September, 1947. The testimony of the parties is flatly contradictory in both respects. The testimony of the respondent, if believed, amply supports the findings and judgment, and it was accepted by the trial court. While portions of the testimony of the respondent, relied on by the appellant, would naturally tend to raise a doubt as to the nature of this transaction, the court accepted the explanations given by the respondent, and it cannot be held that they amount to anything more than an additional conflict in the evidence.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.